IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BILL TURNER,

    Plaintiff,

v.                                                                                No. 15-CV-827 MCA/SMV

ARTHUR ANDERSON,
in his Individual Capacity,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on *Defendant Arthur Anderson['s], in his Individual Capacity, Opposed Motion for Dismissal as Sanction Pursuant to FRCP Rule 16*. [Doc. 79] The Court has considered the submissions and the relevant law, and has otherwise been fully informed in the premises. The Court hereby **DENIES** the *Motion* but **ORDERS** that alternative sanctions be imposed.

**BACKGROUND**

Plaintiff filed this case on September 20, 2015. [Doc. 1] After the Court denied Defendant's *Motion to Dismiss* [Doc. 28], Magistrate Judge Vidmar set deadlines governing this case, including the deadline to file dispositive motions by April 27, 2017, and also setting the following deadline: "Counsel are directed to file a consolidated final Pretrial Order as follows: Plaintiff(s) to Defendant(s) on or before June 12, 2017; Defendant(s) to Court on or before June 26, 2017." [Doc. 41, p. 3]

Thereafter, Defendant filed a motion for summary judgment [Doc. 65], which was still pending as of the deadline to submit the proposed pretrial order. Defendant further

1

timely submitted his portion of the proposed pretrial order to the Court, by emailing it to the Court's proposed text email address, on June 26, 2017.  His email states:

> Attached hereto please find Defendant's proposed form of Pre-Trial Order in the above-referenced matter.  As the proposed Pre-Trial Order states, counsel for Defendant Anderson did not receive Plaintiff's form of Pre-Trial Order.
>
> I have copied opposing counsel on this email.

[Doc. 79-1]  The email is copied to chris@ned4law.com, which is the email address Plaintiff's Counsel utilizes for service through CM/ECF.  Despite having been sent this email, Plaintiff's Counsel never attempted to correct his failure to provide to Defendant and the Court Plaintiff's portion of the proposed pretrial order.

Based on Plaintiff's failure to submit his portion of the pretrial order for over ten months, Defendant now moves this Court to dismiss this action as a sanction pursuant to Federal Rule of Civil Procedure 16.  [Doc. 79, p. 6]  In the alternative, he requests that this Court exclude any witnesses and exhibits from admission at trial other than Plaintiff's own testimony.  [Doc. 79, p. 5]

In response, Plaintiff's Counsel apologizes to the Court and to Opposing Counsel, states the mistake was inadvertent, and requests the Court not to penalize his client for his mistake.  [Doc. 82, pp. 3-4]  He states that he practices in Ruidoso where "it is very hard to find and keep adequate legal staff" and that he has been through nine secretaries.  [Doc. 82, pp. 4-5]  He further states that he "is making every effort he can think of to improve his professionalism and performance" including purchasing a practice guide for federal civil procedure.  [Doc. 82, pp. 4-5]  Further, he states that, concurrent with filing

his response to the Court, Plaintiff sent to opposing counsel his portion of the proposed pretrial order. [Doc. 82, p. 3] Plaintiff submits that dismissal is a harsh remedy, and, given that Plaintiff's Counsel's conduct was not willful or in bad faith and did not cause undue delay in this case, he requests a lesser sanction. [Doc. 82, pp. 3, 5]

**ANALYSIS**

District courts have inherent as well as statutory power "to manage their business so as to achieve the orderly and expeditious disposition of cases." *LaFleur v. Teen Help*, 342 F.3d 1145, 1149 (10th Cir. 2003) (internal quotation marks and citation omitted). This includes the power to "select an appropriate sanction" for failing to comply with local or federal procedural rules. *Id.*

> Rule 16 of the Federal Rules of Civil Procedure states:
>
> On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order.
>
> . . . Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses--including attorney's fees--incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Rule 16(f)(1)(C), (f)(2). Relevant available sanctions include: refusing to allow the disobedient party to support or oppose designated claims or defenses or prohibiting that party from introducing designated matters into evidence, Fed. R. Civ. P. 37(b)(2)(A)(ii); dismissal, Fed. R. Civ. P. 37(b)(2)(A)(v); and contempt, Fed. R. Civ. P. 37(b)(2)(A)(vii). The primary purpose of sanctions under Rule 16 is to "insure reasonable management requirements for case preparation." *In re Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984).

"The secondary purpose is to compensate opposing parties for inconvenience and expense incurred because of any noncompliance with the reasonable management orders of the court." *Id*.

The Tenth Circuit recognizes that district courts have "very broad discretion to use sanctions where necessary to insure . . . that lawyers and parties . . . fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial." *Gripe v. City of Enid, Okla.*, 312 F.3d 1184, 1188 (10th Cir. 2002) (internal quotation marks and citation omitted). However, "[d]ismissal represents an extreme sanction appropriate only in cases of willful misconduct. . . . In many cases, a lesser sanction will deter the errant party from further misconduct." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal citations omitted). In determining whether dismissal is a just sanction:

> a court should ordinarily consider a number of factors, including: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant," *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1465 (10th Cir. 1988) (quoting *Meade* [*v. Grubbs*], 841 F.2d [1512,] 1521 n. 7 (10th Cir. 1988)); (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, *see, e.g., Willner v. University of Kansas*, 848 F.2d 1023, 1030 (10th Cir. 1988) (per curiam), *cert. denied*, 488 U.S. 1031, 109 S.Ct. 840, 102 L.Ed.2d 972 (1989); [*In re*] *Standard Metals*, 817 F.2d [625,] 629 [10th Cir. 1987]; *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. [1989]), *cert. denied*, 493 U.S. 863, 110 S.Ct. 180, 107 L.Ed.2d 135 (1989); *Spiller v. U.S.V. Labs., Inc.*, 842 F.2d 535, 538 (1st Cir. 1988); and (5) the efficacy of lesser sanctions. *See Ocelot Oil*, 847 F.2d at 1465; *Meade*, 841 F.2d at 1520; *Taylor v. Medtronics, Inc.*, 861 F.2d 980, 986 (6th Cir. 1988). "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Meade*, 841 F.2d at 1521 n. 7 (citations omitted).

*Id.*

In *Mandeville v. Quinstar Corp.*, 109 F. App'x 191, 195 (10th Cir. 2004) (unpublished decision), our Tenth Circuit upheld the district court's denial of dismissal based on the failure of the plaintiff to "amend the pretrial order . . . , fail[ure] to abide by the District Court's orders, and fail[ure] to ever join or otherwise name [Defendant] as a party to the 'new' claims." The district court had applied the *Ehrenhaus* factors, concluding that the first two weighed in favor of dismissal but the last three weighed against dismissal. Our Tenth Circuit disagreed with the district court's leniency on the third factor on the grounds that the plaintiff "was a blameless victim of his attorney's misbehavior." Instead, the Tenth Circuit stated that, pursuant to *Link v. Wabash Railroad Co*. 370 U.S. 626, 633 (1962), in which the Court found "no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client," the district court improperly applied the third factor. *Mandeville*, 109 F. App'x at 195. Nonetheless, pointing to the district court's discretion, the Court upheld the district court's denial of the dismissal based on the district court's consideration of the last two factors, i.e., that no warning was given to the plaintiff regarding the possibility of dismissal and that discovery sanctions were more appropriate than dismissal under the circumstances. This Court observes that the wrongful conduct in *Mandeville*, i.e., never amending the pretrial order up to the date of trial, was more significant than the misconduct here. The Court finds that district court's analysis in *Mandeville* was reasonable and balanced, and the Court is therefore guided by it.

Accordingly, the Court turns to consideration of the *Ehrenhaus* factors in this case, even though both parties failed to address them. With regard to the first factor, the degree of actual prejudice to Defendant, Defendant identifies no prejudice. The Court nonetheless presumes some degree of prejudice to Defendant, as Defendant would have had more notice of Plaintiff's claims, witnesses, and evidence if Plaintiff had timely submitted his portion of the proposed pretrial order.[1] Further, in the Court's *Memorandum Opinion and Order* denying summary judgment with regard to Plaintiff's living condition claim, the Court reasoned:

> Barring prejudice to the opposing parties, generally a plaintiff has through the pre-trial order to establish his or her "claims, issues, defenses or theories of damages." *See Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002) ("[C]laims, issues, defenses, or theories of damages not included in the pretrial order are waived even if they appeared in the complaint and, conversely, the inclusion of a claim in the pretrial order is deemed to amend any previous pleadings which did not include that claim.").

[Doc. 71, p. 17] Defendant thus could argue that Plaintiff should not benefit from his failure to comply with the Court's scheduling order where, by email to Defendant, "Plaintiff conceded" [Doc. 73, ¶ 2] that he was not asserting any claims beyond his MRSA claim (as to which the Court granted summary judgment). The Court would not be persuaded by this argument, however, as the Court does not adopt the proposed pretrial order until the final pretrial conference, Fed. R. Civ. P. 16(e), and, after denial of summary judgment the Court generally grants the parties the opportunity to amend their

---

[1] *See, e.g., Youren v. Tintic School Dist.*, 343 F.3d 1296, 1304 (10th Cir. 2003) (discussing the importance of a pretrial order and stating that issues not set forth therein are waived); *cf.* Fed. R. Civ. P. 16(e) (discussing the final pretrial conference and stating that "[t]he court may modify the order issued after a final pretrial conference only to prevent manifest injustice").

proposed pretrial order pending trial. *See, e.g., Williams v. Curtis*, Civ. No. 12-716 MCA/LAM, Doc. 207 (D.N.M. Oct. 15, 2014).[2] Because claims may be significantly narrowed based upon a ruling on a motion for summary judgment, such flexibility is warranted. Accordingly, any prejudice to Defendant from the delay at hand is minimal as the Court would have ordered the parties to submit an amended proposed pretrial order to the Court given its ruling on Defendant's motion for summary judgment.

The second *Ehrenhaus* factor is the degree of interference with the judicial process. The Court observes that, because Defendant's motion for summary judgment was pending until April of this year, Plaintiff's failure to submit his portion of the pretrial order did not cause any delay in the advancement of this case. The Court by no means intends this conclusion to suggest that Plaintiff's Counsel's action was acceptable to the Court – whether inadvertent or not, the Court does not condone the failure to comply with its orders. The Court simply observes that, due to the timing of the pending motion, the judicial process was not delayed by Plaintiff's failure to submit his portion of the pretrial order.

The third *Ehrenhaus* factor is the culpability of the litigant. Plaintiff's Counsel submits that the error was entirely his, and the Court agrees. The Court observes that, if an attorney's error is egregious enough, dismissal is not an "unjust penalty on the client." *Link*, 370 U.S. at 633-34. However, the Court also observes that, unlike many reported cases, such as *Ehrenhaus*, 965 F.2d at 921, this was not a case in which the *litigant*

---

[2] Likewise, the Court generally grants requested extensions to file proposed pretrial orders pending disposition of a motion for summary judgment. *See Romero v. Johnson*, Civ. No. 12-962 MCA/GBW Doc. 77 (D.N.M. Mar. 24, 2015).

intentionally refused to appear, acted in bad faith, intentionally hid facts or information, or intentionally delayed the justice process. Accordingly, this factor weighs toward a lesser sanction than dismissal. As to Plaintiff's Counsel's culpability, the Court is not persuaded to grant leniency based on his difficulty finding staff. Even if his staff failed to calendar the initial deadline, he is still responsible because 1) he should be supervising his staff, and 2) he has offered no explanation for his failure to correct the error even after receiving the email from Defendant with Defendant's attached portions of the pretrial order. Further, a practice treatise, while commendable, was unnecessary to prevent this error: all that was necessary was following the Court's explicit instructions in the Scheduling Order. Nonetheless, the Court acknowledges that the error was inadvertent and was a single occurrence rather than a pattern in this case, which weighs against dismissal.

The fourth *Ehrenhaus* factor is whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance. That has not occurred in this case.

And finally, the fifth *Ehrenhaus* factor is the efficacy of lesser sanctions. The Court concludes that lesser sanctions are likely to be effective in deterring future misconduct. The "aggravating factors" in this case do not outweigh the "strong predisposition to resolve cases on their merits." *Ehrenhaus*, 965 F.2d at 921 (internal quotation marks and citation omitted). Upon weighing the *Ehrenhaus* factors, considering the purposes of sanctions under Rule 16, and applying those considerations to the facts at hand, the Court concludes that dismissal would be an excessive sanction for

8

Plaintiff's Counsel's failure to comply with the Court's Scheduling Order. Further, at this stage, the Court concludes that it would be excessive to deny Plaintiff the opportunity to present evidence and testimony concerning which Plaintiff previously gave notice, such as through the joint status report and initial and supplemental disclosures. Defendant has had notice through discovery of such witnesses and evidence, making such a sanction a poor fit.

With regard to the other relevant sanctions discussed by Rule 37(b)(2)(A), the Court concludes that contempt would be an excessive remedy because: it would be excessive to ensure compliance with the Court's orders; there was a lack of interference with the judicial process; the error was inadvertent; and the Court gave no prior warning regarding the deficient conduct. *See U.S. v. McVeigh*, 896 F. Supp. 1549, 1554-56 (W.D. Okla. 1995) (discussing civil contempt generally). Imposition of costs, however, is an appropriate sanction. In addition to being required by Rule 16(f)(2) because the error here was not justified (and certainly not "substantially justified"), the imposition of fees serves the purpose of impressing on Plaintiff's Counsel the importance of compliance with the Court's orders. Further, as Plaintiff's Counsel was the cause of the failure, and as the Court finds it appropriate to attempt to deter further such failures by Plaintiff's Counsel, the Court exercises its discretion under Rule 16(f)(2) to assess these fees and costs entirely against Plaintiff's Counsel, W. Chris Nedbalek. *See In re Baker*, 744 F.2d at 1442 ("If the fault lies with the attorneys, that is where the impact of sanction should be lodged."); *Painter v. Wells Fargo Bank, N.A.*, No. CIV 07-395 MCA/ACT, Doc. 77 (D.N.M. Oct. 28, 2008) ("The fault here lies with counsel and thus the award shall lie

against counsel."). Thus, the Court hereby orders that Mr. Nedbalek be assessed the costs, including attorney's fees, incurred by Defendant in filing his *Opposed Motion for Dismissal as Sanction Pursuant to FRCP 16* and his associated *Reply*. [Doc. 79; Doc. 89]

In addition, the Court hereby warns Plaintiff and Plaintiff's Counsel that further failure to abide by this Court's orders may result in sanctions up to and including dismissal and/or contempt. The Court further admonishes Plaintiff's Counsel regarding the importance of following the Federal Rules of Civil Procedure, the Local Rules, and each Judge's pretrial preparation instructions. Finally, the Court impresses upon Plaintiff's Counsel that, given that the Court has now warned him of the importance of compliance with the Court's Orders and Rules, the Court will not likely be as lenient with regard to any future failure to abide by the governing Rules and Orders.

**CONCLUSION**

**WHEREFORE,** for the foregoing reasons, the Court hereby **DENIES** *Defendant Arthur Anderson['s], in his Individual Capacity, Opposed Motion for Dismissal as Sanction Pursuant to FRCP Rule 16.* [Doc. 79]

**FURTHERMORE**, the Court hereby **ORDERS** that Plaintiff's Counsel, Mr. W. Chris Nedbalek pay to Defendant, through counsel, the fees for preparation of *Defendant Arthur Anderson['s], in his Individual Capacity, Opposed Motion for Dismissal as Sanction Pursuant to FRCP Rule 16* and the associated *Reply*. [Doc. 79; Doc. 89] Defendant shall file with the Court his bill of costs within two weeks of the date of this Order, and Plaintiff's Counsel shall either object, with specificity, to any portion thereof,

or file a notice demonstrating payment in full, within two weeks of the date the bill of costs is filed.

**FURTHERMORE** the Court hereby **ORDERS** that Plaintiff shall amend the proposed pretrial order and submit it to Defendant within three business days of the date of this Order, and thereafter Defendant shall submit the proposed pretrial order to the Court within three business days of receipt of Plaintiff's portion of the proposed pretrial order.

**SO ORDERED** this 18th day of June, 2018 in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
**Senior United States District Judge**