IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BILL TURNER,

    Plaintiff,

v.                                                No. 15-CV-827 MCA/SMV

ARTHUR ANDERSON,
in his Individual Capacity,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on *Defendant's Opposed Motion for Award of Attorney's Fees Pursuant to 28 U.S.C.A. § 1988* (*sic*)[1] [Doc. 73] and *Defendant Arthur Anderson's Opposed Motion to Tax Costs* [Doc. 74]. The Court has considered the submissions and the relevant law, and has otherwise been fully informed in the premises, and hereby **DENIES** the *Motions*.

**DISCUSSION**

Plaintiff brought this action pursuant to 42 U.S.C. § 1983 [Doc. 1, pp. 1-2, 9-13], and 42 U.S.C. § 1988(b) allows the Court to award attorney's fees to the "prevailing party" in a case brought pursuant to Section 1983. Pursuant to Section 1988, "a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (internal quotation marks and citations omitted). A defendant, on the other hand, may only recover attorney's fees where "the plaintiff's action was frivolous,

---
[1] The title of Defendant's *Motion* should refer to 42 U.S.C. § 1988.

unreasonable, or without foundation." *Fox v. Vice*, 563 U.S. 826, 833 (2011) (internal quotation marks and citation omitted).

The Court granted partial summary judgment for Defendant in this case. *See* Fed. R. Civ. P. 56(a) (allowing summary judgment as to one or more claims or parts of claims). The Court denied summary judgment with respect to Plaintiff's constitutionally inadequate living condition claim [Doc. 71, pp. 14-18], and therefore that claim can proceed to trial. The Court granted summary judgment with respect to Plaintiff's claim for damages from a MRSA infection. [Doc. 71, pp. 14, 17-18] However, the Court has not entered any final judgment pursuant to Federal Rule of Civil Procedure 54(b) (allowing the Court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay"). Nor would such judgment be appropriate in this case because of the similarity of the claims, given their shared factual predicate and that the living condition claim was subsumed within the MRSA claim. *See Jordan v. Pugh*, 425 F.3d 820, 826-27 (10th Cir. 2005) (setting forth the test for finality of a judgment entered pursuant to Rule 54(b) with regard to an order granting summary judgment on fewer than all claims for relief; stating the claim must be distinct and separable from the claims left unresolved, and that some considerations are whether the claims "turn on the same factual questions, whether they involve common legal issues, and whether separate recovery is possible").

Defendant has nonetheless filed motions for costs and attorney's fees. Both *Motions* are premature because no final judgment has been entered. *See Fye v. Oklahoma Corp. Comm'n*, 516 F.3d 1217, 1223, n.2 (10th Cir. 2008) ("The District Court's partial

summary judgment ruling was not a final judgment."); *Wheeler Mach. Co. v. Mountain States Mineral Enters., Inc.*, 696 F.2d 787, 789–90 (10th Cir. 1983) ("[W]here, as in the instant case, a partial summary judgment is rendered with respect to only part of the relief sought by the appellants, and where consideration of further relief is specifically reserved, judgment is neither 'final' nor on an entire 'claim.'" (internal quotation marks and citation omitted)); Fed R. Civ. P. 54(d) (stating that costs other than attorney's fees "should be allowed to the *prevailing party*" (emphasis added)); *see also Hildebrand v. Bd. of Tr. of Mich. State Univ.*, 607 F.2d 1282, 1283 (6th Cir. 1979) (holding that request for fees under Section 1988 was premature where the case was remanded to establish whether the plaintiff's rights were violated); *cf. Moreno v. Taos Cnty. Bd. of Comm'rs*, No. 10-CV-1097 WJ/ACT, 959 F. Supp. 2d 1284, 1288 (D.N.M. July 24, 2013) (holding that defendants were entitled to attorney's fees because plaintiff's damages claims became unreasonable after his expert witness was withdrawn, however, the court did not consider the motion until after trial) *aff'd*, 587 F. App'x 442 (10th Cir. 2014) (unpublished decision).

In addition, the Court observes that, until all of the claims in this case are resolved, it is not possible to conduct the analysis necessary to assess fees, because the test requires balancing the degree of success of the parties. *See Hensley*, 461 U.S. at 434 (allowing a plaintiff to obtain attorney's fees under Section 1988 "even though he succeeded on only some of his claims for relief" depending on whether "the plaintiff fail[ed] to prevail on claims that were unrelated to the claims on which he succeeded" and whether the plaintiff's degree of success made the fee award reasonable); *Fox*, 563 U.S. at 829, 835

3

(holding that a defendant may obtain attorney's fees where the plaintiff asserted both frivolous and non-frivolous claims and pointing out that "a court could properly award fees to both parties—to the plaintiff, to reflect the fees he incurred in bringing the meritorious claim; and to the defendant, to compensate for the fees he paid in defending against the frivolous one" and stating that "[t]he question then becomes one of allocation"). Accordingly, the Court declines at this time to address any issues regarding the prevailing party or whether any claim was "frivolous, unreasonable, or without foundation." *Fox*, 563 U.S. at 833 (internal quotation marks and citation omitted).

**CONCLUSION**

**WHEREFORE**, *Defendant's Opposed Motion for Award of Attorney's fees Pursuant to [42] U.S.C. § 1988* [Doc. 73] and *Defendant Arthur Anderson's Opposed Motion to Tax Costs* [Doc. 74] are **DENIED** as premature without prejudice to being filed, if appropriate, after entry of final judgment.

**SO ORDERED** this 18th day of June, 2018, in Albuquerque, New Mexico.

**M. CHRISTINA ARMIJO**
**Senior United States District Judge**

4